UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

PATRICIA A. MARTONE,					ECF CASE

          Plaintiff,				Case No. 11-civ-1990 (JGK)

- against -

ROPES & GRAY LLP,

          Defendant.
----------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL

                    VLADECK, WALDMAN, ELIAS &
                      ENGELHARD, P.C.
                    Attorneys for Plaintiff
                    1501 Broadway, Suite 800
                    New York, New York 10036
                    (212) 403-7300

Of Counsel:
    Anne C. Vladeck
    Maia Goodell
    Jeremiah Iadevaia

389208 v1

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 2

A. Plaintiff's Retaliation Claim and Defendant's Investigation ..... 2

B. Defendant Relies on the Purported Results of the Investigation but Refuses to Provide Information Concerning the Investigation ..... 3

ARGUMENT ..... 5

I. PATRICK'S COMMUNICATIONS ARE NOT PRIVILEGED ..... 5

II. DEFENDANT HAS WAIVED THE PRIVILEGES ..... 7

III. DEFENDANT HAS WAIVED THE PRIVILEGES WITH RESPECT TO ALL DOCUMENTS RELATED TO THE INVESTIGATION ..... 9

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

## CASES

A&E Prods Grp., L.P. v. Mainetti USA, Inc.,
   No. 01 Civ. 10820, 2004 WL 895699 (S.D.N.Y. Apr. 27, 2004) ............................................8, 9

Angelone v. Xerox Corp.,
   No. 09 Civ. 6019, 2011 WL 4473534 (W.D.N.Y. Sept. 26, 2011) ............................................11

Bank Brussels Lambert v. Credit Lyonnaise (Suisse), S.A.,
   210 F.R.D. 506 (S.D.N.Y. 2002) ...........................................................................................9, 10

Brown v. Dep't of Corr. Servs.,
   No. 09 Civ. 949S, 2011 WL 2182775 (W.D.N.Y. June 2, 2011) ................................................6

Business Integration Servs. v. AT&T. Corp.,
   No. 06 Civ. 1863, 2008 WL 318343 (S.D.N.Y. Feb. 4, 2008) ....................................................8

de Espana v. Am. Bureau of Shipping,
   No. 03 Civ. 3573, 2005 WL 3455782 (S.D.N.Y. Dec. 14, 2005) ............................................5, 6

Genon Mid-Atlantic, LLC v. Stone & Webster, Inc.,
   No. 11 Civ. 1299, 2011 WL 2207513 (S.D.N.Y. June 6, 2011) ..................................................6

Hickman v. Taylor,
   329 U.S. 495 (1947) ....................................................................................................................6

In re Buspirone Patent Litig.,
   210 F.R.D. 43 (S.D.N.Y. 2002) ..................................................................................................8

In re Gaming Lottery Sec. Litig.,
   No. 96 Civ. 5567, 2000 WL 340897 (S.D.N.Y. Mar. 30, 2000) .................................................9

In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002,
   318 F.3d 379 (2d Cir. 2003) ........................................................................................................6

John Doe Co. v. United States,
   350 F.3d 299 (2d Cir. 2003) ........................................................................................................7

Pray v. N.Y.C. Ballet Co.,
   No. 96 Civ. 5723, 1997 WL 266980 (S.D.N.Y. May 19, 1997) .....................................8, 10, 11

United States v. Adlman,
   134 F.3d 1194 (2d Cir. 1998) ......................................................................................................6

United States v. Bilzerian,
   926 F.2d 1285 (2d Cir. 1991) ..................................................................................................7, 8

United States v. Constr. Prods. Research, Inc.,
    73 F.3d 464 (2d Cir. 1996) ...........................................................................................5

United States v. Locascio,
    357 F. Supp. 2d 536 (E.D.N.Y. 2004) ........................................................................10

United States v. Mejia,
    --- F.3d ---, 2011 WL 3715293 (2d Cir. Aug. 25, 2011) ..........................................5, 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 26 ........................................................................................................................5

Fed. R. Civ. P. 37 ........................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Patricia A. Martone ("plaintiff" or "Martone") submits this memorandum of law in support of her motion pursuant to Fed. R. Civ. P. 37 to compel defendant Ropes & Gray LLP ("defendant" or the "Firm" or "Ropes & Gray") to produce documents concerning its investigation of plaintiff's claims of discrimination.

Plaintiff has alleged that defendant retaliated against her, culminating in her being fired, after she complained about age and gender discrimination. Defendant denies any retaliatory motive. Rather, defendant claims that it fired Martone only after conducting an investigation concerning her discrimination complaint and concluding that the decline in Martone's practice was not due to discrimination but for other reasons. In fact, in its Answer, defendant states, "that [firm Chair R. Bradford] Malt and [Managing Partner John T.] Montgomery stated that the investigation report from [outside counsel] O'Melveny & Myers had concluded that the decline of Plaintiff's practice was not due to discrimination and could be attributed to factors other than discrimination . . . ." (Answer to Plaintiff's Amended Complaint (the "Answer") (Dkt. 12), ¶ 99) Accordingly, plaintiff has requested that defendant produce documents and allow witnesses to testify concerning the investigation, which is the crux of its defense against plaintiff's retaliation claim. Defendant, however, refuses to do so claiming attorney-client and work product privileges.

Defendant cannot have it both ways. The attorney-client privilege and work product doctrine may not be used as both a sword and a shield. By asserting counsel's actions as a defense, defendant has forfeited protections. Moreover, the waiver extends to all documents concerning the investigation, including the investigation report, drafts of the investigation report, investigation notes, and communications concerning the investigation. Additionally, at least for some documents concerning the investigation, there is no ground for defendant to assert a

389208 v1

privilege in the first instance since they do not involve attorney-client communications or work product. Plaintiff therefore respectfully requests that this Court grant her motion to compel in its entirety.

## STATEMENT OF FACTS

### A. Plaintiff's Retaliation Claim and Defendant's Investigation

On July 20, 2011, plaintiff filed the Amended Complaint in this action (the "Amended Complaint" or "Am. Compl." (Dkt. 12)). Among other claims, plaintiff alleged that defendant engaged in unlawful retaliation, including firing her, because she complained of age and gender discrimination. (See, e.g., Am. Compl. ¶¶ 86-89, 96-106, 124-26, 131-34, 139-42, 147-50)[1]

On June 10, 2010, Martone wrote a letter to the Chair of the Firm, R. Bradford Malt ("Malt"), and John Montgomery ("Montgomery"), Managing Partner, stating that the Firm's actions constituted unlawful discrimination against her, inter alia, as a 63-year-old woman. (Declaration of Patricia A. Martone, dated Oct. 6, 2011 ("Martone Decl.") ¶ 2) She requested that the Firm investigate this complaint and forward the results of that investigation to her. (Id. ¶ 3) The Firm engaged outside counsel, O'Melveny & Myers LLP ("O'Melveny"), to conduct an investigation of Martone's complaint of discrimination (the "Investigation"). (Id. ¶ 4) Diane Patrick ("Patrick"), the Firm's partner responsible for diversity, oversaw Martone's communications with the outside firm. (Id. ¶ 5) During the relevant period, David Mandel ("Mandel") served as the Firm's own Employment Practices Compliance counsel. (Id. ¶ 6) The Investigation lasted several months. (Id. ¶ 7)

---

[1] This Memorandum assumes familiarity with the allegations as set forth in the Amended Complaint.

2

In early October 2010, Malt wrote to Martone and asked to meet with her. (Martone Decl. ¶ 8) She asked for the subject of the meeting. (Id.) Malt responded: "would like to follow up on your letter to JTM [John T. Montgomery] and me which we referred to Diane Patrick." (Id.) Thus, Malt admitted in writing that the purpose of the meeting was to follow up on Martone's written complaint of sex and age discrimination. (Id.; Answer ¶ 97) At that meeting, Malt and Montgomery fired Martone. (Martone Decl. ¶ 9) They stated that the report from the O'Melveny firm ("Investigation Report") had concluded that the decline in Martone's practice was not due to discrimination and could be plausibly attributed to factors other than discrimination. (Id.)

Martone asked what those factors were. (Martone Decl. ¶ 10) There was no response; Malt said he could not remember. (Id.) Martone requested a copy of the Investigation Report. (Id.) Malt told Martone to ask Patrick for a copy, although he stated it might not be possible to provide a copy. (Id.) Malt further stated that, after reviewing the Investigation Report, they had decided to fire Martone. (Id. ¶ 11) They admitted that it was only after they reviewed the Investigation Report that they decided the "economics" of Martone's practice were "unsustainable." (Id.)

    B.    **Defendant Relies on the Purported Results of the Investigation but Refuses to Provide Information Concerning the Investigation**

On August 9, 2011, defendant filed its Answer to Plaintiff's Amended Complaint. In the Answer, defendant "admits that Malt and Montgomery stated that the investigation report from O'Melveny & Myers had concluded that the decline in Plaintiff's practice was not due to discrimination . . . ." (Answer ¶ 99) Defendant repeated this contention at the initial conference with this Court, stating that Martone's termination was not retaliatory, but rather had been

3

planned prior to her complaint and only executed after the Investigation found no discrimination. (Declaration of Anne C. Vladeck, dated Oct. 7, 2011 ("Vladeck Decl."), ¶ 2)

In Plaintiff's First Request for the Production of Documents, dated June 10, 2011 ("Pl. Doc. Request"), plaintiff requested all documents concerning the Investigation. (See Vladeck Decl., Ex. A)[2] Plaintiff seeks the following categories of documents: (1) the Investigation Report and executive summary; (2) all O'Melveny related-documents in defendant's possession, custody, or control concerning the Investigation, including but not limited to, all drafts of the Investigation Report, communications regarding those drafts, communications between defendant and O'Melveny regarding the Investigation, pre-Investigation communications between outside counsel and defendant, and O'Melveny notes regarding the Investigation; (3) all documents in the possession, custody or control of Patrick concerning plaintiff's June 10, 2010 discrimination complaint and the Investigation; and (4) all documents in the possession, custody or control of Mandel concerning plaintiff's June 10, 2010 discrimination complaint and the Investigation. Defendant, however, has asserted that the attorney-client privilege and work product doctrine shield all such communications. (Vladeck Decl., Ex. B) Thus, defendant has refused to produce responsive documents concerning the

---

[2] See Pl. Doc. Request No. 94 ("All documents concerning Diane Patrick's communications with Malt and/or Montgomery concerning Martone's requests made during the investigation concerning the conduct towards her of McCabe and Hagiwara."); Request No. 95 ("All documents in the possession, custody or control of Diane Patrick concerning the investigation requested by Martone in her June 10, 2010 letter and referred to in Paragraph 88 of the Answer."); Request No. 96 ("All documents provided to O'Melveny and Myers by Ropes & Gray or partners interviewed by O'Melveny and Myers during the course of the investigation requested by Martone and referred to in Paragraph 88 of the Answer."); Request No. 97 ("All documents provided by O'Melveny and Myers to Ropes & Gray in connection with the investigation requested by Martone and referred to in Paragraph 88 of the Answer, including without limitation, the 'investigation report' referred to in Paragraph 99 of the Answer."); and Request No. 98 ("All documents concerning the documents requested in paragraph 97.").

Investigation. (Id. ¶ 4) Also, in a deposition of one of defendant's partners, defendant instructed him not to answer questions about the Investigation. (Id. ¶ 5) Although defendant has asserted privilege, it has failed to provide a privilege log despite plaintiff's repeated requests. (Id. ¶ 6) Upon receipt of the documents withheld, plaintiff will likely seek to conduct depositions based on those documents.

## ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As described above, the information plaintiff seeks is directly relevant to plaintiff's retaliation claim and defendant's defense against that claim. Thus, the focus is on defendant's assertion of attorney-client privilege and work product doctrine. For the reasons set forth below, defendant's privilege claims fail and the materials should be provided to plaintiff.

I.   PATRICK'S COMMUNICATIONS ARE NOT PRIVILEGED

The attorney-client privilege protects from disclosure "confidential communications made between client and counsel for the purpose of obtaining or providing legal advice or services." de Espana v. Am. Bureau of Shipping, No. 03 Civ. 3573, 2005 WL 3455782, at *2 (S.D.N.Y. Dec. 14, 2005) (citing United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)). "In order to balance this protection of confidentiality with the competing value of public disclosure, . . . courts apply [the privilege] only where necessary to achieve its purpose and construe the privilege narrowly because it renders relevant information undiscoverable." United States v. Mejia, --- F.3d ---, 2011 WL 3715293, at *4 (2d Cir. Aug. 25,

5

389208 v1

2011) (internal quotation marks omitted). "The party asserting the privilege . . . bears the burden of establishing its essential elements." Id.

The work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). To warrant protection, a document or communication must have been prepared in anticipation of litigation by or for a party, or by his representative. Genon Mid-Atlantic, LLC v. Stone & Webster, Inc., No. 11 Civ. 1299, 2011 WL 2207513, at *3 (S.D.N.Y. June 6, 2011). The party that resists disclosure carries "the heavy burden of establishing that it applies." Id. (citing In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003)).

Defendant has failed to provide any support for its claim that Patrick's communications or documents concerning the Investigation are privileged or protected work product. Patrick, a Ropes & Gray lawyer, was responsible for coordinating the Investigation internally. That Patrick is an attorney is not sufficient by itself for refusing to disclose her communications on privilege grounds. See Brown v. Dep't of Corr. Servs., No. 09 Civ. 949S, 2011 WL 2182775, at *15 (W.D.N.Y. June 2, 2011) ("The mere fact that an attorney is consulted by a client does not render the ensuing communications privileged if the purpose of the consultation is to obtain other than legal advice or services."); de Espana, 2005 WL 3455782, at *2 (emails among a party's executives and in-house counsel containing "non-legal discussions of business-related issues," not privileged in part because employees outside legal department were recipients and "legal issues did not predominate"). Defendant has failed to present any evidence that Patrick, in coordinating the investigation, provided legal advice or that her correspondence

6

389208 v1

was prepared in anticipation of litigation. Indeed, it is likely that many if not all of Patrick's communications reflect her non-legal role in the Investigation, akin to a human resources employee. Thus, defendant has failed to satisfy its burden of showing that either the attorney-client privilege or work product doctrine apply to Patrick's documents or communications.

## II. DEFENDANT HAS WAIVED THE PRIVILEGES

Even assuming arguendo that defendant is able to establish that the Investigation documents and communications are privileged, defendant should be compelled to produce them. Ropes & Gray has waived any privilege by placing the Investigation "at issue" and by using it as a "sword" and a "shield." See, e.g., United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991).

The Second Circuit has stated that "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." Bilzerian, 926 F.2d at 1292. The Second Circuit has explained that "unfairness" sufficient to provoke a waiver results when "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." John Doe Co. v. United States, 350 F.3d 299, 306 (2d Cir. 2003).[3]

Defendant's explanation of its apparent overt retaliation, set forth in the Answer and repeated at the initial conference with this Court, relies on advice provided in the Investigation: according to defendant, the Investigation revealed that there had been no discrimination, so it was free to proceed with an allegedly earlier-made decision to dismiss Martone. Such a position squarely invokes reliance on the advice of counsel and waives the

---

[3] The Court in Doe concluded that the privilege had not been waived because the criminal defendant there had only sent a letter to the prosecutor concerning his counsel's advice; it was the prosecutor who chose to introduce the letter to the grand jury. Id. Here, in contrast, it was defendant's choice to rely on its counsel's advice in its meeting with plaintiff and in the Answer.

attorney-client privilege. See In re Buspirone Patent Litig., 210 F.R.D. 43, 53 (S.D.N.Y. 2002) (reliance on advice of counsel defense in patent case waives privilege); Pray v. N.Y.C. Ballet Co., No. 96 Civ. 5723, 1997 WL 266980, at *2 (S.D.N.Y. May 19, 1997) (defendant "placed in issue the reasonableness and sufficiency of [the] investigations" by relying on them as an affirmative defense to sexual harassment charges, thereby waiving privilege as to the content of the investigation). The case is thus similar to Business Integration Servs. v. AT&T. Corp., No. 06 Civ. 1863, 2008 WL 318343, at *1 (S.D.N.Y. Feb. 4, 2008), in which this Court determined that the privilege would be waived by any testimony by defendant "that it consulted its attorneys and that its decision to terminate the plaintiff was influenced by counsel's advice" or "any testimony concerning the substance of communication by its attorneys to other employees regarding the legal status of the contract or any concerns that the attorneys may have had about the legal implications of the contract." In this case, there is no such need to wait for trial, because defendant has advanced such assertions in the Answer. Indeed, it is hard to imagine that defendant can try this case without disclosing the content of its counsel's advice.

Defendant has taken the position that because this is not a harassment case in which the Investigation constitutes an affirmative defense, privilege waiver does not apply. This position is unsupportable. Rather, the question is one of fairness to Martone based on matters that Ropes & Gray has itself raised in this litigation. In Bilzerian, a criminal defendant sought to prove that he had not intended to break the law – a point on which the government had the burden of proof – by testifying about his lawyer's advice. 926 F.2d at 1292. Similarly here, defendant seeks to prove that it did not intend to retaliate against Martone by advancing the substance of its counsel's advice – that there was no discrimination. See also A&E Prods Grp., L.P. v. Mainetti USA, Inc., No. 01 Civ. 10820, 2004 WL 895699, at *1 (S.D.N.Y. Apr. 27, 2004)

8

(lack of affirmative defense did not defeat privilege waiver for patentee's testimony before Patent and Trademark Office that he relied on his lawyers for contents of his filings (an Information Disclosure Statement)). Thus, plaintiff respectfully requests that the Court rule that defendant has waived its attorney-client privilege with respect to the Investigation.

The "at issue waiver doctrine applies to information protected by the work product privilege as well." Bank Brussels Lambert v. Credit Lyonnaise (Suisse), S.A., 210 F.R.D. 506, 511 (S.D.N.Y. 2002). Accordingly, for the same reasons set forth above, defendant has waived any work product protection applicable to the documents and communications concerning the Investigation.

### III. DEFENDANT HAS WAIVED THE PRIVILEGES WITH RESPECT TO ALL DOCUMENTS RELATED TO THE INVESTIGATION

Defendant has asserted that even if it has waived privilege, the scope of that waiver is limited to certain communications and documents. Defendant is wrong. Defendant contends that it did not retaliate against plaintiff because (1) it waited to fire plaintiff until after the Investigation and (2) it did so based on counsel's advice that no discrimination took place as reflected by the Investigation Report. Defendant, therefore, has waived privilege with respect to all Investigation documents and communications.

First, plaintiff should be entitled to examine all information and advice that defendant received from counsel regarding the Investigation of plaintiff's discrimination complaint. Since defendant relies on advice of counsel to defend this action, "the legal advice [defendant] received from any . . . lawyers on that subject relates to the reasonableness of [its] reliance [on that advice] and is not subject to the attorney/client privilege." In re Gaming Lottery Sec. Litig., No. 96 Civ. 5567, 2000 WL 340897, at *2 (S.D.N.Y. Mar. 30, 2000). As courts in the Second Circuit have "repeatedly" recognized, "communications that shed light on whether

9

reliance on counsel would have been reasonable and in good faith" will not be protected from disclosure. United States v. Locascio, 357 F. Supp. 2d 536, 550-52 (E.D.N.Y. 2004) (collecting cases).

Here, defendant may have received advice from several sources, including Mandel, outside counsel, and potentially Patrick, regarding plaintiff's discrimination complaint and defendant's subsequent Investigation. Accordingly, the question of whether defendant retaliated against plaintiff – a question of state of mind – directly depends on what counsel (whether in-house counsel, outside counsel or both) knew and told defendant. See Bank Brussels Lambert, 210 F.R.D. at 510-11 (finding that plaintiff waived attorney-client privilege and work-product immunity with respect to certain documents prepared by its in-house counsel and other outside counsel as such documents were put at issue by plaintiff's malpractice claim; "[i]f [plaintiff's] in-house counsel were acting as a filter, . . . in-house counsel played a major role in shaping and informing [its] knowledge and intent").

Likewise, defendant should be compelled to provide all documents and communications used in creating or issuing the Investigation Report. In Pray, this Court considered a similar issue concerning the plaintiff's entitlement to discovery related to an investigation by outside counsel. The defendant in that case alleged an affirmative defense that it was not vicariously liable for the sexual harassment claims at issue because it purportedly took prompt, effective action in response to the plaintiff's complaint. 1997 WL 266980, at *1. The Court found: "By asserting the investigations as a defense, [defendant] ha[d] placed in issue the reasonableness and sufficiency of th[o]se investigations." Id. at *2. Accordingly, the Court concluded that outside counsel could be deposed concerning most aspects of the investigations of the plaintiff's sexual harassment complaint, including "what actually occurred during the

investigation (i.e., who the attorneys spoke to and what questions were asked)"; "the attorneys' unarticulated mental processes regarding the investigation"; and the "initial communications from [the client to outside counsel], requesting that [outside] counsel conduct an internal investigation."  Id. at *2, *2 n.3; see Angelone v. Xerox Corp., No. 09 Civ. 6019, 2011 WL 4473534, at *3 (W.D.N.Y. Sept. 26, 2011) (holding that "any document or communication considered, prepared, reviewed, or relied on by [defendant whom conducted an internal investigation] in creating or issuing the [investigation report] must be disclosed to plaintiff").

The same principles apply here.  To challenge defendant's advice of counsel defense, plaintiff is entitled to discovery concerning the adequacy of the Investigation.  This includes all information that Ropes & Gray and O'Melveny learned in relation to the Investigation, regardless of whether they shared that information with each other.  If, for example, O'Melveny omitted critical information from the Investigation Report, defendant's reliance on O'Melveny's advice would be unreasonable.  Similarly, if defendant, Mandel, or Patrick failed to provide O'Melveny with all investigative leads known to them regarding plaintiff's discrimination complaint, defendant's reliance on the Investigation's findings would be improper.  Without all of the information regarding the Investigation, plaintiff will be unable to assess defendant's reliance on the Investigation and therefore unfairly prejudiced.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court grant her motion to compel in its entirety.

Dated:   New York, New York
         October 7, 2011

                                        VLADECK, WALDMAN, ELIAS &
                                        ENGELHARD, P.C.


                                   By:  _____s/ Anne C. Vladeck_____
                                        Anne C. Vladeck
                                        Maia Goodell
                                        Jeremiah Iadevaia
                                        Attorneys for Plaintiff
                                        1501 Broadway, Suite 800
                                        New York, New York 10036
                                        (212) 403-7300

389208 v1