PROSKAUER ROSE LLP
Bettina B. Plevan
Lloyd B. Chinn
Eleven Times Square
New York, New York 10036-8299
Telephone: 212.969.3000
Facsimile: 212.969.2900
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

− − − − − − − − − − − − − − − − − − − − − − − − − − x
PATRICIA A. MARTONE,                                   :
                                                       :   Civil Action No.:
                          Plaintiff,                   :   11-civ-1990 (JGK)
                                                       :
            vs.                                        :   **ECF Case**
                                                       :
ROPES & GRAY LLP,                                      :   **FILED UNDER SEAL**
                                                       :
                          Defendant.                   :
                                                       :
                                                       :
                                                       :
− − − − − − − − − − − − − − − − − − − − − − − − − − x

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

## **TABLE OF CONTENTS**

Table of Authority ................................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF UNDISPUTED FACTS ......................................................................2

The Firm's Tokyo Office And Plaintiff's Role ...............................................................2

Plaintiff's Lack Of Productivity .....................................................................................3

Plaintiff's Behavior Towards Her Colleagues ................................................................4

Weaknesses In Plaintiff's Handling Of Matters .............................................................6

The Firm Addresses Plaintiff's Weak Performance .......................................................8

ARGUMENT ...................................................................................................................11

    I.     PLAINTIFF'S DISCRIMINATION CLAIMS FAIL AS
         A MATTER OF LAW ........................................................................11

          A.     Plaintiff Cannot Establish That The Termination
                Of Her Partnership Was The Product Of Discrimination
                Based On Age Or Gender. .................................................11

          B.     Plaintiff's Discrimination Claims Relating To
                Interference With Her Practice, Work Assignments,
                And Client Pitches Are Not Supported By Any Evidence ...........................17

    II.    PLAINTIFF CANNOT ESTABLISH A CLAIM OF
         RETALIATION AS A MATTER OF LAW .............................................19

          A.     There Is No Causal Connection Between
                Plaintiff's Complaint And The Termination
                Of Her Partnership ...........................................................19

          B.     Plaintiff Cannot Demonstrate Retaliatory Motive ..........................21

    III.   PLAINTIFF'S ERISA CLAIM SHOULD BE DISMISSED
         AS A MATTER OF LAW ....................................................................22

          A.     Plaintiff Cannot Establish A Prima Facie Case ..............................23

          B.     Defendant Has Satisfied Its Burden By Showing

i

That Plaintiff Was Asked To Leave The Firm
For Legitimate Business Reasons ...................................................24

C.     Plaintiff Has Not Shown And Cannot Show Pretext ....................................24

CONCLUSION ...............................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ancekewicz v. Long Island Univ.*,
No. 02 Civ. 4490, 2005 WL 1411917 (E.D.N.Y. June 15, 2005) ...........................................14

*Bass v. Alegis Group, Inc.*,
No. Civ. A. H-04-1652, 2005 WL 3408047 (S.D. Tex. Dec. 12, 2005)...................................25

*Bennett v. Health Mgt. Sys., Inc.*,
936 N.Y.S.2d 112 (1st Dep't 2011) .......................................................................................12

*Brockett v. Reed*,
78 F. App'x 148 (2d Cir. 2003) .............................................................................................14

*Burger v. Litton Ind., Inc.*,
No. 91 Civ. 0918, 1996 WL 421449 (S.D.N.Y. Apr. 25, 1996) ............................................24

*Burlington N. & Santa Fe Ry. v. White*,
548 U.S. 53 (2006).................................................................................................................19

*Carter v. New Venture Gear, Inc.*,
310 F. App'x. 454 (2d Cir. 2009) ..........................................................................................14

*Corcoran v. GAB Bus. Serv., Inc.*,
723 F. Supp. 966 (S.D.N.Y.1989) .........................................................................................25

*Cordell v. Verizon Commc'ns, Inc.*,
No. 08 Civ. 2616, 2009 WL 1532267 (2d Cir. June 3, 2009) ...............................................15

*Deebs v. Alstom Transp., Inc.*,
346 F. App'x 654 (2d Cir. 2009) ...........................................................................................20

*Dister v. Cont'l Group, Inc.*,
859 F.2d 1108 (2d Cir. 1988)..........................................................................................14, 22, 23, 24

*Dixon v. Int'l Fed'n of Accountants*,
No. 09 Civ. 2839, 2010 WL 1424007 (S.D.N.Y. Apr. 9, 2010), *aff'd*, 416 F. App'x.
107 (2d Cir. 2011).................................................................................................................20

*Ekwegbalu v. Cent. Parking Sys.*,
No. 97 Civ. 9477, 2000 WL 1371335 (S.D.N.Y. Sept. 21, 2000) .........................................16

*Florence v. U.S. Vanadium Corp.*,
No. 97 Civ. 7443, 1998 WL 639395 (2d Cir. Feb. 5, 1998) .................................................14

*Fraser v. Fiduciary Trust Co. Int'l*,
    No. 04 Civ. 6958, 2009 WL 2601389 (S.D.N.Y. Aug. 25, 2009)*, aff'd*, 396 F. App'x.
    734 (2d Cir. 2010) ........................................................................................................24

*Gioia v. Forbes Media LLC*,
    No. 09 Civ. 6114, 2011 WL 4549607 (S.D.N.Y. Sept. 30, 2011) .................................24

*Gross v. FBL Fin. Servs.*,
    129 S. Ct. 2343 (2009) ..................................................................................................13

*Henkin v. Forest Lab., Inc.*,
    No. 01 Civ. 4255, 2003 WL 749236 (S.D.N.Y. Mar. 5, 2003)*, aff'd*, 88 F. App'x. 478
    (2d Cir. 2004) ...............................................................................................................14

*Hicks v. Baines*,
    593 F.3d 159 (2d Cir. 2010) ..........................................................................................19

*Hollander v. Am. Cyanamid Co.*,
    895 F.2d 80 (2d Cir. 1990) ............................................................................................19

*Jute v. Hamilton Sundstrand Corp.*,
    420 F.3d 166 (2d Cir. 2005) ..........................................................................................21

*Laverack & Haines v. N.Y. State Div. of Human Rights*,
    88 N.Y.2d 734, 650 N.Y.S.2d 76 (1996) ......................................................................11

*Lightfoot v. Union Carbide Corp.*,
    110 F.3d 898 (2d Cir. 1997) ....................................................................................22, 23

*Mathews v. Trilogy Commc'ns, Inc.*,
    143 F.3d 1160 (8th Cir. 1998) .......................................................................................25

*Mattera v. JP Morgan Chase Corp.*,
    740 F. Supp. 2d 561 (S.D.N.Y. 2010) ...........................................................................20

*Mayers v. Emigrant Bancorp, Inc.*,
    796 F. Supp. 2d 434 (S.D.N.Y. 2011) ...........................................................................14

*Mazzella v. RCA Global Commc'n's, Inc.*,
    642 F. Supp. 1531 (S.D.N.Y. 1986)*, aff'd*, 814 F.2d 653 (2d Cir. 1987) ......................13

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ................................................................................................11, 23

*Miller v. NASD*,
    703 F. Supp. 2d 230 (E.D.N.Y. 2010) .....................................................................14, 24

*Monte v. Ernst & Young LLP*,
    330 F. Supp. 2d 350 (S.D.N.Y. 2004), *aff'd*, 148 F. App'x 43 (2d Cir. 2005) ...................... 16

*Morisseau v. DLA Piper*,
    532 F. Supp. 2d 595 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x. 487 (2d Cir. 2009) ................... 20

*N. Shore Univ. Hosp. v. Rosa*,
    86 N.Y.2d 413, 633 N.Y.S.2d 462 (1995) ........................................................................ 11

*Pisana v. Merrill Lynch & Co.*,
    No. 93 Civ. 4541, 1995 U.S. Dist. LEXIS 10296 (S.D.N.Y. July 20, 1995) ......................... 15

*Ponticelli v. Zurich Am. Ins. Grp.*,
    16 F. Supp. 2d 414 (S.D.N.Y. 1998) ............................................................................... 19

*Porter v. Potter*,
    366 F. App'x. 195 (2d Cir. 2010) ................................................................................... 20

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000) ..................................................................................................... 12

*Slattery v. Swiss Reins. Am. Corp.*,
    248 F.3d 87 (2d Cir. 2001) ........................................................................................... 20

*Song v. Ives Labs., Inc.*,
    957 F.2d 1041 (2d Cir. 1992) ........................................................................................ 11

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993) ..................................................................................................... 11

*Stathatos v. Gala Res., LLC*,
    No. 06 Civ. 13138, 2010 WL 2024967 (S.D.N.Y. May 21, 2010) ....................................... 15

*Stringfellow v. Wyckoff Heights Med. Ctr.*,
    No. 95 Civ. 3041, 1998 WL 760286 (E.D.N.Y. Sept. 9, 1998) ......................................... 19

*Texas Dep't of Cmty Affairs v. Burdine*,
    450 U.S. 248 (1981) ..................................................................................................... 11

*Thomas v. iStar Fin., Inc.*,
    438 F. Supp. 2d 348 (S.D.N.Y. 2006) ............................................................................. 19

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985) ..................................................................................................... 11

*Watt v. N.Y. Botanical Garden*,
    No. 98 Civ. 1095, 2000 WL 193626 (S.D.N.Y. Feb. 16, 2000) ......................................... 15

*Wright v. Sears, Roebuck & Co.*,
    81 F. App'x. 37 (6th Cir. 2003) ............................................................................25


**STATUTES**

29 U.S.C. § 1140 .............................................................................................2, 22, 23, 25


**OTHER AUTHORITIES**

Fed. R. Evid. 408 ......................................................................................................23

## PRELIMINARY STATEMENT

Defendant Ropes & Gray LLP ("Defendant" or "the Firm") is entitled to summary judgment dismissing the age, gender and retaliation claims asserted by Plaintiff Patricia A. Martone ("Plaintiff") because the record demonstrates that there were non-discriminatory and non-retaliatory business reasons for the actions taken, including in particular the Firm's decision to terminate her partnership.

During Plaintiff's first two-and-a-half years as a partner of the Firm, she was occupied handling two related matters for Sanyo.  What she describes glowingly as "her practice" in fact consisted entirely of the Sanyo cases and a few other short-term relationships that generated minimal revenues and virtually no work for her.

**REDACTED**

As a result, the Firm decided in 2010 to end its relationship with Plaintiff.  The record contains no evidence contradicting the reasons proffered by the Firm for terminating Plaintiff's partnership, other than Plaintiff's disagreement with the Firm's assessment of her performance, which is inadequate as a matter of law.

Plaintiff also cannot establish that she was retaliated against for making a complaint of discrimination because the Firm had begun the process that led to her termination before she

made any complaint, and there is absolutely no evidence of any retaliatory motive.

Plaintiff also cannot establish a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") that the Firm interfered with the retirement benefits she would have been eligible to receive under the Firm's merger agreement with Plaintiff's previous firm.  There is simply no evidence that the Firm decided to terminate Plaintiff's partnership with the specific intent to interfere with her potential entitlement to retirement benefits.  In fact, the communications about her termination did not in any way jeopardize her retirement benefits.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff joined the Firm[1] as a partner in its Intellectual Property ("IP") Litigation practice group when her former firm, Fish & Neave, merged with Ropes & Gray on January 1, 2005.  (Martone Tr. 6:25-7:4, 59:23-60:8, 65:12-22; Am. Compl. ¶¶ 11, 30.)  During her partnership with the Firm, Plaintiff was appointed U.S. head of the Tokyo office, co-Chair of the International Group and Chair of the Firm's Contingent Fee Committee.  (Martone Tr. 9:19-10:7, 257:3-11, 358:9-13.)

**REDACTED**

---

[1] The Ropes & Gray PC is comprised of nine partners, which among other things, decides whether to request the withdrawal of a Firm partner and makes decisions concerning individual partner compensation.  (Am. Compl. ¶ 22; Montgomery Tr. 17:11-19:10, 40:5-8, 62:10-12; Jenner Tr. 21:2-24, 134:2-17; Malt Tr. 27:3-5; Malt Decl. ¶ 2.) Bradford Malt, John Montgomery and Jesse Jenner are members of the PC.  (Montgomery Tr. 8:17-9:7, 15:7-9; Malt Tr. 8:11-19, 9:2-6; Jenner Tr. 8:17-9:9, 21:25-22:3, 30:3-8.)

**REDACTED**

_____

REDACTED

**REDACTED**

---

REDACTED

**REDACTED**

**REDACTED**

**REDACTED**

REDACTED

REDACTED

## ARGUMENT

## I.   PLAINTIFF'S DISCRIMINATION CLAIMS FAIL AS A MATTER OF LAW

Under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination.[8]  Defendant must next articulate a legitimate, non-discriminatory reason for its decisions.  *Id.*  Plaintiff must then demonstrate, by a preponderance of the evidence, that the legitimate reasons proffered by the Defendant were not the true reasons for the adverse employment action in question, but were instead merely a pretext for discrimination.  *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  Plaintiff may not simply show that Defendant's proffered reasons were false or not believable, but she must also show that a discriminatory reason prompted the action taken.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516 (1993).[9]

## A.   Plaintiff Cannot Establish That The Termination Of Her Partnership Was The Product Of Discrimination Based On Age Or Gender.

Contrary to Plaintiff's allegations, there is absolutely no evidence that the Firm's decision

---

[8] This framework also applies to Plaintiff's claims brought under the ADEA and the NYSHRL.  *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985); *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992); *Laverack & Haines v. N.Y. State Div. of Human Rights*, 88 N.Y.2d 734, 738-39, 650 N.Y.S.2d 76, 77-78 (1996); *N. Shore Univ. Hosp. v. Rosa*, 86 N.Y.2d 413, 419-20, 633 N.Y.S.2d 462, 464 (1995).

[9] For purposes of this motion only, Defendant does not contest the applicability of the employment discrimination laws.

to terminate her partnership was based on any unlawful discriminatory motive whatsoever, whether related to her gender or her age.

**REDACTED**

Because Plaintiff's performance issues were documented and recognized by Firm management well before the termination of her partnership, Plaintiff cannot establish a *prima facie* case of discrimination because she cannot demonstrate that the Firm's decision to end its relationship with her occurred in circumstances that give rise to an inference of discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000).

In any event, the Firm has articulated legitimate, non-discriminatory reasons for its actions.[10]

---

[10] The analysis adapted in *Bennett v. Health Mgt. Sys., Inc.*, 936 N.Y.S.2d 112, 124-125 (1st Dep't 2011) under the NYCHRL leads to the same conclusion. Defendant has met its burden of showing that based on the evidence and all reasonable inferences in plaintiff's favor, no jury could find defendant liable. An inquiry regarding whether the plaintiff has met her *prima facie* burden is therefore proper. *Id.* at *8-9. As described above, Plaintiff has not met the fourth prong of the *prima facie* test because she has not proffered any evidence that her partnership was terminated under circumstances creating an inference of age or gender-based discrimination and she cannot show pretext.

**REDACTED**

*See Mazzella v. RCA Global Commcn's, Inc.,* 642 F. Supp. 1531, 1542 (S.D.N.Y. 1986), *aff'd*, 814 F.2d 653 (2d Cir. 1987) (in articulating legitimate, non-discriminatory reasons for its actions, court may rely on supervisor's testimony concerning complaints received by supervisor about plaintiff to demonstrate that the supervisor had reason to believe plaintiff was performing poorly).

**REDACTED**

[11]

---

[11] Under the ADEA, Plaintiff bears the burden of demonstrating that her age was the actual motivation for the Firm's decision. *See, e.g., Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2350-51 (2009). Plaintiff cannot demonstrate that her age was the "but for" reason for the termination of her partnership given the many indications that her "practice" at the Firm had ceased to be viable, that she offered no prospect for remediation of her practice and that she suffered many broken relationships with her fellow partners. Furthermore, there is no evidence whatsoever that, had she been younger, her partnership with the Firm would not have been terminated.

It is well-established that lack of productivity, differences in management styles and conflicts with colleagues are legitimate, non-discriminatory reasons for terminating an individual's employment. *See, e.g., Brockett v. Reed*, 78 F. App'x 148, 151 (2d Cir. 2003) (unsatisfactory job performance); *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 458 (S.D.N.Y. 2011) (failure to adequately perform managerial responsibilities); *Miller v. NASD*, 703 F. Supp. 2d 230, 250 (E.D.N.Y. 2010) (failure to improve subpar performance); *Ancekewicz v. Long Island Univ.*, No. 02 Civ. 4490, 2005 WL 1411917, at \*6-8 (E.D.N.Y. June 15, 2005) (disagreeable person chronically incapable of getting along with others) (collecting cases); *see also Carter v. New Venture Gear, Inc.*, 310 F. App'x. 454, 457 (2d Cir. 2009) (lack of productivity deemed a legitimate, non-discriminatory reason for adverse employment action).

Plaintiff cannot offer any evidence that the Firm's legitimate business reasons for terminating her partnership were pretextual.  When reviewing business decisions alleged to be discriminatory, the Court may not second-guess the wisdom of the decision-maker in determining a motion for summary judgment.  *See Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988) (a court may not second-guess the wisdom of decision makers); *Florence v. U.S. Vanadium Corp.*, No. 97 Civ. 7443, 1998 WL 639395, at \*3 (2d Cir. Feb. 5, 1998) (evidence that an employer made an unwise business decision is insufficient to raise a genuine issue of fact concerning its rationale for discharging an employee); *Henkin v. Forest Lab., Inc.*, No. 01 Civ. 4255, 2003 WL 749236, at \*6 (S.D.N.Y. Mar. 5, 2003) (disagreement with an employer's perception of plaintiff's work performance, even if the employer's job evaluations could not have justified the termination decision, did not establish pretext), *aff'd*, 88 F. App'x. 478 (2d Cir. 2004).  Therefore, Plaintiff cannot establish pretext merely by disagreeing with the PC's business decisions, or by asserting that different decisions regarding her partnership should

have been made.

Finally, Plaintiff cannot point to any discriminatory animus based on gender or age by the key decision-makers (Malt, Montgomery, Jenner and other PC members).

*See, e.g.*, *Pisana v. Merrill Lynch & Co.*, No. 93 Civ. 4541, 1995 U.S. Dist. LEXIS 10296, at *14 (S.D.N.Y. July 20, 1995) (noting that an inference of age discrimination is weakened where the manager who proposed plaintiff's termination was close in age to plaintiff).

**REDACTED**

Courts are hesitant to impute discriminatory motive to decision-makers who have previously acted favorably towards a plaintiff. *See Cordell v. Verizon Commc'ns, Inc.*, No. 08 Civ. 2616, 2009 WL 1532267, at *1 (2d Cir. June 3, 2009) (no discriminatory motive where supervisor and HR director were responsible for both decisions to promote and terminate plaintiff); *Stathatos v. Gala Res., LLC*, No. 06 Civ. 13138, 2010 WL 2024967, at *10 (S.D.N.Y. May 21, 2010) (not likely that "person's termination can be attributed to discrimination when the person responsible for hiring the claimant fired her"); *Watt v. N.Y. Botanical Garden*, No. 98 Civ. 1095, 2000 WL 193626, at *7 (S.D.N.Y. Feb. 16, 2000) ("it is suspect to claim that the same manager who hired a person in the protected class would suddenly develop an aversion to members of that class").

Plaintiff also may not establish pretext by relying on a single comment allegedly made by coach Alan Slobodnik in which he purportedly referred to Plaintiff as a "mom." (Am. Compl. ¶

78; Martone Tr. 250:20-252:3.)[12]  This remark is insufficient to raise a factual issue of pretext because it was isolated, uttered by an individual who was not a decision-maker, and not connected to the termination decision.  *See Monte v. Ernst & Young LLP*, 330 F. Supp. 2d 350, 363-64 (S.D.N.Y. 2004) (finding isolated, stray remarks insufficient to establish pretext), *aff'd*, 148 F. App'x 43 (2d Cir. 2005); *Ekwegbalu v. Cent. Parking Sys.*, No. 97 Civ. 9477, 2000 WL 1371335, at *4 (S.D.N.Y. Sept. 21, 2000) (granting summary judgment where no connection between four stray remarks and the termination decision).[13]

In addition, Plaintiff may not rely upon the Firm's mandatory retirement age as evidence that Defendant's legitimate business rationale for terminating Plaintiff's partnership is false, or that her age was the real reason for the termination.

**REDACTED**

Accordingly, because Plaintiff has no evidence that the legitimate, non-discriminatory reasons proffered by the Firm for ending its relationship with her were a pretext for discrimination, her claim must be dismissed.

---

[12]

[13] Plaintiff also alludes to several incidents of allegedly "inappropriate behavior" by younger, male partners, presumably in support of her discrimination claim, including DeGraw's interference with a pitch (Am. Compl. ¶ 61) and DeGraw and Hagiwara's conduct during a client dinner (Am. Compl. ¶ 62).  These isolated incidents have no relationship to her termination and do not support any inference of discrimination.

**B.**     **Plaintiff's Discrimination Claims Relating To Interference With Her Practice, Work Assignments, And Client Pitches Are Not Supported By Any Evidence.**

Plaintiff cannot establish a claim of discrimination based on her allegations of interference with her practice, failure to provide work assignments and exclusion from client pitches because: (i) there is no evidence that other partners "stole" her so-called practice; and (ii) neither the PC nor the Practice Group leader directed work assignments or participation in client pitches for partners.  Plaintiff also cannot provide any evidence that assignments of work or any alleged "interference" with her practice were based on age or gender.

**REDACTED**

_____

**REDACTED**

Plaintiff's contention is pure speculation.  Accordingly, because Plaintiff has no evidence that the Firm interfered with her practice or discriminatorily assigned work or client pitches, her claim must be dismissed.

---

[15] Indeed, Plaintiff acknowledges that it is the senior partner responsible for a matter who has "ultimate decision making authority over the case."  (Am. Compl. ¶ 44.)

## II.     PLAINTIFF CANNOT ESTABLISH A CLAIM OF RETALIATION AS A MATTER OF LAW

Plaintiff's claim that the Firm ended its partnership with her because she complained of alleged discrimination must be rejected because Plaintiff cannot demonstrate any causal connection between the Firm's decision to end her partnership and any complaint she may have made, and there is no evidence of retaliatory motive.

### A.     There Is No Causal Connection Between Plaintiff's Complaint And The Termination Of Her Partnership.

To establish a *prima facie* case of retaliation, Plaintiff must show that there is a causal connection between the protected activity and the materially adverse action.  *See Thomas v. iStar Fin., Inc.*, 438 F. Supp. 2d 348, 364 (S.D.N.Y. 2006) (*citing Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006)).[16]  Plaintiff seeks to establish a causal connection between her complaint of discrimination on June 10, 2010 and the Firm's decision to end her partnership four months later based solely on her allegation that her discrimination complaint preceded the termination of her partnership.  A four month gap in time is not sufficient to establish a retaliatory motive.  *See, e.g., Ponticelli v. Zurich Am. Ins. Grp.*, 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) (two-and-a-half month period too long to establish retaliation); *see also Stringfellow v. Wyckoff Heights Med. Ctr.*, No. 95 Civ. 3041, 1998 WL 760286, at *6 (E.D.N.Y. Sept. 9, 1998) (four month gap too long); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990) (four month gap too long).

REDACTED

---

[16] Plaintiff's contention that the Firm failed to include her in the 2010 Chambers submission and failed to approve her request to travel to Japan in November 2010 in retaliation for making a complaint  (Am. Compl. ¶ 89; Martone Tr. 223:25-224:19), fails because neither of these actions amount to a materially adverse employment action. *See Burlington*, 548 U.S. at 57 (materially adverse means that "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination"); *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (same).

19

**REDACTED**

Moreover, no causal nexus can be established where, as here, Plaintiff's performance and behavioral issues, as well as her declining practice and productivity, were recognized and addressed before any complaint of discrimination.  *See Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (no inference of retaliation where progressive discipline had been implemented well before plaintiff engaged in any protected activity); *see also Porter v. Potter*, 366 F. App'x. 195, 197 (2d Cir. 2010) (*citing Slattery*, 248 F.3d at 95) (no inference of retaliation where adverse employment action is part of progressive discipline that began prior to plaintiff's protected activity; *Deebs v. Alstom Transp., Inc.,* 346 F. App'x 654, 657 (2d Cir. 2009) (*citing Slattery*, 248 F.3d at 95) (discipline before complaint precluded causal connection between EEOC Charge and plaintiff's discharge despite temporal proximity); *Mattera v. JP Morgan Chase Corp.*, 740 F. Supp. 2d 561, 581 (S.D.N.Y. 2010) (no causal connection between plaintiff's complaints and his termination where poor performance documented and plaintiff warned well before his complaints); *Dixon v. Int'l Fed'n of Accountants,* No. 09 Civ. 2839, 2010 WL 1424007, at *6 (S.D.N.Y. Apr. 9, 2010) (extensive documentation of plaintiff's performance issues made before plaintiff's complaint of discrimination precluded inference of retaliatory motive based upon timing), *aff'd*, 416 F. App'x. 107 (2d Cir. 2011); *Morisseau v. DLA Piper,* 532 F. Supp. 2d 595, 615 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x. 487 (2d Cir. 2009) (documentation of plaintiff's poor performance before her complaints of discrimination precluded causal connection between complaint and termination).

Here, Plaintiff's performance issues were considered and addressed by the Firm well

before she put forth any complaint of discrimination.

REDACTED

Accordingly,
Plaintiff cannot provide any evidence of a causal connection between her complaint of
discrimination and the Firm's decision to end its relationship with her.

**B.      <u>Plaintiff Cannot Demonstrate Retaliatory Motive.</u>**

Even if Plaintiff could establish a *prima facie* case of retaliation, her claim should
nonetheless be dismissed because she cannot demonstrate that retaliation was a substantial
reason for the termination of her partnership.  *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d
166, 173 (2d Cir. 2005) (employee "must show that retaliation was a substantial reason for the
adverse employment action" to demonstrate pretext in response to legitimate, non-discriminatory
reasons for adverse employment action proffered by employer).[17]

REDACTED

Plaintiff has presented no evidence that retaliatory motive – rather than the legitimate reasons articulated above – played a role in Defendant's decision to terminate her.  Accordingly, Plaintiff's retaliation claim should be dismissed.

## III.   PLAINTIFF'S ERISA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW

Plaintiff's claim that Defendant violated ERISA by interfering with her protected ERISA benefits (Count I) should be dismissed as a matter of law because there is no evidence that Defendant took any adverse action with the specific intent to interfere with retirement benefits that may have been available to her under the Contribution Agreement.[18]

Although Plaintiff's Amended Complaint does not identify the specific section of ERISA under which she asserts her claim (*see* Am. Compl. at ¶¶ 118-20), it appears to be one arising under Section 510 of ERISA, 29 U.S.C. § 1140.[19]  In relevant part, Section 510 prohibits adverse action against a participant "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ."  To establish such a claim a plaintiff must prove that an adverse employment action was taken with the "specific intent" of interfering with an individual's ERISA benefits.  *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988); *see, e.g.*, *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997).  Plaintiff has not identified (and cannot identify) any evidence that she was asked to leave the Firm with the *specific intent* to interfere with her benefits under the Contribution Agreement.

---

[19] For purposes of this motion only, Defendant does not dispute that the Plan is an ERISA plan.

22

A.      **Plaintiff Cannot Establish A _Prima Facie_ Case.**

Where, as here, there is no direct evidence of any intent to interfere with a plaintiff's benefits, courts apply the familiar burden-shifting paradigm set forth in _McDonnell Douglas_, although at the third stage, a plaintiff must show that she was discharged under circumstances giving rise to an inference that the purpose was to prevent the attainment of benefits.  _See_, _e.g._, _Dister_, 859 F.2d at 1111-16.

Plaintiff cannot satisfy her burden of proving a _prima facie_ case because there is no evidence that she was asked to leave the Firm to prevent her from obtaining benefits under the Contribution Agreement.  In fact, the Complaint alleges no facts linking her termination to her potential retirement benefits and

REDACTED

She also contends that an inference of discrimination should be drawn from the proposed terms of a draft separation agreement.

It is well-settled that no Section 510 claim lies "where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment."  _Dister_, 859 F.2d at 1111; _see Lightfoot_, 110 F.3d at 906.

23

REDACTED

is also insufficient to establish a *prima facie* case. *See, e.g., Miller v. NASD*, 703 F. Supp. 2d 230, 249 (E.D.N.Y. 2010) (concluding that plaintiff's termination two years prior to eligibility for benefits, where the termination was the endpoint of disciplinary proceedings initiated six months earlier, rendered the connection between termination and retirement eligibility "too tenuous to suggest that defendant terminated plaintiff in order to deny him early retirement") (citations omitted); *Fraser v. Fiduciary Trust Co. Int'l,* No. 04 Civ. 6958, 2009 WL 2601389, at *7 (S.D.N.Y. Aug. 25, 2009) (one month not sufficient), *aff'd*, 396 F. App'x. 734 (2d Cir. 2010); *Burger v. Litton Ind., Inc.*, No. 91 Civ. 0918, 1996 WL 421449, at *17 (S.D.N.Y. Apr. 25, 1996) (four months not sufficient).

**B.      Defendant Has Satisfied Its Burden By Showing That Plaintiff Was Asked To Leave The Firm For Legitimate Business Reasons.**

If a plaintiff succeeds in establishing a *prima facie* case, the burden shifts to defendant to articulate (but not prove) a legitimate, non-discriminatory reason for the adverse action. *See Dister*, 859 F.2d at 1111. As shown above, the Firm has articulated indisputably legitimate and nondiscriminatory reasons for ending Plaintiff's partnership

**C.      Plaintiff Has Not Shown And Cannot Show Pretext.**

Once a defendant articulates a legitimate, non-discriminatory reason for the adverse action, a plaintiff must, in order to prevail, prove by a preponderance of evidence that the reasons offered were unworthy of credence, *i.e.*, the reason supplied was not the true reason for the unfavorable employment decision, and that the true reason was to deprive her of her retirement benefits. *See Gioia v. Forbes Media LLC*, No. 09 Civ. 6114, 2011 WL 4549607, at *7 (S.D.N.Y.

Sept. 30, 2011) (citation omitted).  Speculation and unsupported conclusions are clearly insufficient to carry the day.  Nor can a plaintiff prove pretext by showing only that there would be some cost savings to the plan (*see Corcoran v. GAB Bus. Serv., Inc.*, 723 F. Supp. 966, 969-70 (S.D.N.Y.1989)), particularly where, as here, benefits have been paid and continue to be paid to other similarly situated individuals.  *See Wright v. Sears, Roebuck & Co.*, 81 F. App'x. 37, 45 (6th Cir. 2003) (affirming summary judgment for employer because several managers who were closer to early retirement age than plaintiff retired within one year of plaintiff's termination and received full retirement benefits); *Mathews v. Trilogy Commc'ns, Inc.*, 143 F.3d 1160, 1166-67 (8th Cir. 1998) (granting summary judgment because five similarly situated employees were not discharged); *Bass v. Alegis Group, Inc.*, No. Civ. A. H-04-1652, 2005 WL 3408047, at *5 (S.D. Tex. Dec. 12, 2005) (same).

Plaintiff has not presented (and cannot present) any evidence that the reason she was asked to leave the Firm was pretextual.


**REDACTED**


For these reasons, Plaintiff's ERISA claim should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendant's motion for summary judgment dismissing Plaintiff's claims in their entirety should be granted.

Dated:   April 6, 2012

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Bettina B. Plevan
Lloyd B. Chinn
Eleven Times Square
New York, New York 10036-8299
Telephone: 212.969.3000
Facsimile: 212.969.2900
bplevan@proskauer.com
lchinn@proskauer.com

*Attorneys for Defendant*

26