PROSKAUER ROSE LLP
Bettina B. Plevan
Lloyd B. Chinn
Eleven Times Square
New York, New York 10036-8299
Telephone: 212.969.3000
Facsimile: 212.969.2900
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ x

PATRICIA A. MARTONE,                     :
                                          :   Civil Action No.:
                      Plaintiff,          :   11-civ-1990 (JGK)
                                          :
          vs.                             :   **ECF Case**
                                          :
ROPES & GRAY LLP,                         :   **FILED UNDER SEAL**
                                          :
                      Defendant.          :
                                          :
                                          :
                                          :
                                          :
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ x

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT .........................................................................................................................1

I.     PLAINTIFF OFFERS NO EVIDENCE THAT THE
TERMINATION OF HER PARTNERSHIP WAS
MOTIVATED, EVEN IN PART, BY AGE OR GENDER ......................................1

     A.     The Stray Remarks Cited Do Not Evidence
Discriminatory Motive.................................................................................2

          1.     Alleged Age Comments Do Not
Evidence Discriminatory Motive.....................................................2

          2.     The Alleged Gender-Related Comments Plaintiff
Cites Do Not Evidence Discriminatory Motive...............................4

     B.     The Firm's Mandatory Retirement Policy Does Not
Support Plaintiff's Claim That She Was Subjected To
Discriminatory Treatment............................................................................6

II.     PLAINTIFF HAS NOT PRESENTED ANY EVIDENCE OF PRETEXT .............8

III.     PLAINTIFF HAS PROVIDED NO EVIDENCE
SUPPORTING HER RETALIATION CLAIM ......................................................18

     A.     Plaintiff Did Not Complain Of Discrimination
By The Firm On April 2, 2010....................................................................18

     B.     There Is No Causal Connection Between Plaintiff's
Complaints And Any Adverse Action By The Firm ....................................19

     C.     Because The Firm Warned Plaintiff About Her
Performance Before She Engaged In Protected
Activity, Her Retaliation Claim Fails As A Matter Of Law .........................20

     D.     Plaintiff's Purported "Improvement" In 2010
Does Not Support An Inference Of Retaliation............................................21

     E.     Plaintiff Cannot Point To Any Evidence Of Retaliatory Animus.................22

IV.     PLAINTIFF'S ERISA § 510 CLAIM SHOULD BE DISMISSED .........................24

        A.      Plaintiff Has Not Established A *Prima Facie* Case ......................................25

        B.      Plaintiff Has Not Presented Evidence Of Pretext ..........................................28

CONCLUSION ...........................................................................................................................28

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                          PAGE(S)

*Adam v. Glen Cove Sch.*,
    No. 06 Civ. 1200, 2008 WL 508689 (E.D.N.Y. Feb. 21, 2008) ................................2

*Beechwood Restorative Care Ctr. v. Leeds*,
    No. 02 Civ. 6235, 2012 WL 1252533 (W.D.N.Y. Apr. 13, 2012) ........................27

*Bennett v. Health Mgmt. Sys.*,
    92 A.D.3d 29, 936 N.Y.S.2d 112 (2011) ................................................................9

*Blandford v. Exxon Mobil Corp.*,
    No. 10 Civ. 5795, 2012 WL 1994734 (6th Cir. June 5, 2012) ................................8

*Cai v. Wyeth Pharm., Inc.*,
    No. 09 Civ. 5333, 2012 WL 933668 (S.D.N.Y. Mar. 19, 2012) ................................2

*Cameron v. Cmty. Aid for Retarded Children, Inc.*,
    335 F.3d 60 (2d Cir. 2003)................................................................................17

*Cassino v. Reichhold Chems.*,
    817 F.2d 1338 (9th Cir. 1987) ................................................................................27

*Collins v. Cohen Pontani Lieberman & Pavane*,
    No. 04 Civ. 8983, 2008 WL 2971668 (S.D.N.Y. July 31, 2008) ...........................23

*Cruz v. Coach Stores, Inc.*,
    202 F.3d 560 (2d Cir. 2000)................................................................................6

*Cyr v. Reliance Standard Life Ins. Co.*,
    525 F. Supp. 2d 1165 (C.D. Ca. 2007), *aff'd*, 448 F. App'x 749 (9th Cir. 2011)...................26

*Danzer v. Norden Sys., Inc.*,
    151 F.3d 50 (2d Cir. 1996)................................................................................4

*Davis v. Jefferson Hosp. Ass'n*,
    685 F.3d 675 (8th Cir. 2012) ................................................................................11

*Dinice-Allen v. Yale-New Haven Hosp.*,
    No. 06 Civ. 00675, 2008 WL 160206 (D. Conn. Jan. 8, 2008) ...........................18

*Dister v. Cont'l Group, Inc.*,
    859 F.2d 1108 (2d Cir. 1988)................................................................................28

*Dixon v. Int'l Fed'n of Accountants*,
    416 F. App'x 107 (2d Cir. 2011) ................................................................................19

*EEOC v. Johnson & Higgins, Inc.*,
   91 F.3d 1529 (2d Cir. 1996)................................................................6

*El Sayed v. Hilton Hotels Corp.*,
   627 F.3d 931 (2d Cir. 2010)..............................................................19

*Espinal v. Goord*,
   558 F.3d 119 (2d Cir. 2009) (P.Br. 36)....................................... 19-20

*Fried v. LVI Svcs., Inc.*,
   No. 10 Civ. 9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011) .........................3

*Giannone v. Deutshche Bank Sec., Inc.*,
   No. 03 Civ. 9665, 2005 WL 3577134 (S.D.N.Y. Dec. 30, 2005)....................23

*Gioia v. Forbes Media LLC*,
   No. 09 Civ. 6114, 2011 WL 4549607 (S.D.N.Y. Sept. 30, 2011) .......................25

*Goldhirsh Grp., Inc. v. Alpert*,
   107 F.3d 105 (2d Cir. 1997)................................................................9

*Goldstick v. Hartford, Inc.*,
   No. 00 Civ. 8577, 2002 WL 1906029 (S.D.N.Y. Aug. 19, 2002) ...........................1

*Gorzynski v. Jetblue Airways Corp.*,
   596 F.3d 93 (2d Cir. 2010)................................................................23

*Gross v. FBL Fin. Servs.*,
   129 S. Ct. 2342 (2009) ................................................................6

*Henry v. Wyeth Pharm., Inc.*,
   616 F.3d 134 (2d Cir. 2010).............................................................2

*Holcomb v. Iona Coll.*,
   521 F.3d 130 (2d Cir. 2008)...........................................................4

*Int'l Healthcare Exch., Inc., v. Global Healthcare Exch., LLC*,
   470 F. Supp. 2d 345 (S.D.N.Y. 2007)................................................18

*Kim v. Goldberg*,
   No. 10 Civ. 6301, 2012 U.S. Dist. LEXIS 65757 (S.D.N.Y. May 4, 2012) ...........................9

*Lessambo v. PriceWaterhouse Coopers, L.P.*,
   No. 08 Civ. 6272, 2010 WL 3958787 (S.D.N.Y. Sept. 27, 2010),
   *aff'd*, 451 F. App'x 57 (2d Cir. 2011).................................................20

*Letscher v. Swiss Bank Corp.*,
   No. 94 Civ. 8277, 1997 WL 304895 (S.D.N.Y. June 5, 1997).................................9

*Lorans v. Crew*,
    No. 98 Civ. 3419, 2000 WL 1196745 (S.D.N.Y. Aug. 23, 2000) ............................................3

*Mayling Tu v. OppenheimerFunds, Inc.*,
    No. 10 Civ. 4971, 2012 WL 516837 (S.D.N.Y. Feb. 16, 2012) ..........................................20

*Melie v. EVCI/TCI Coll. Admin.*,
    No. 08 Civ. 5226, 2009 U.S. Dist. LEXIS 42849 (S.D.N.Y. May 20, 2009), *aff'd*,
    2010 U.S. App. LEXIS 7993 (2d Cir. Apr. 19, 2010) ............................................................24

*Melman v. Montefiore Med. Ctr.*,
    2012 N.Y. Slip Op. 04111 (1st Dep't May 29, 2012)..................................................9-10, 11

*Miller v. NASD*,
    703 F. Supp. 2d 230 (E.D.N.Y. 2010) ....................................................................................27

*Norden v. Samper*,
    503 F. Supp. 2d 130 (D.D.C. 2007) ........................................................................................27

*Phipps v. Comprehensive Cmty. Dev. Corp.*,
    No. 00 Civ. 663, 2005 WL 287413 (S.D.N.Y. Feb. 4, 2005) ..................................................2

*Raniola v. Bratton*,
    243 F.3d 610 (2d Cir. 2001)...................................................................................................22

*Reeves v. Sanderson*,
    530 U.S. 133 (2000)..................................................................................................................4

*Register v. Honeywell Fed. Mfg. & Techs., LLC*,
    397 F.3d 1130 (8th Cir. 2005) ................................................................................................28

*Ricks v. Conde Nast Publ'ns, Inc.*,
    92 F. Supp. 2d 338 (S.D.N.Y. 2000)......................................................................................20

*Rodriguez v. Schneider*,
    No. 95 Civ. 4083, 1999 WL 459813 (S.D.N.Y. June 29, 1999),
    *aff'd*, 56 F. App'x 27 (2d Cir. 2003)........................................................................................1

*Roundtree v. Sch. Dist. of Niagara Falls*,
    294 A.D.2d 876, 741 N.Y.S.2d 633 (4th Dep't 2002) ............................................................3

*Sassaman v. Gamache*,
    566 F.3d 307 (2d Cir. 2009)...................................................................................................23

*Scott v. Goodman*,
    961 F. Supp. 424 (E.D.N.Y. 1997), *aff'd sub nom.*,
    *Scott v. Meyers*, 191 F.3d 82 (2d Cir. 1999) ........................................................................27

*Shumway v. United Parcel Serv., Inc.*,
    118 F.3d 60 (2d Cir. 1997)..................................................................................11

*Sista v. CDC Ixis N. Amer., Inc.*,
    445 F.3d 161 (2d Cir. 2006)................................................................................10

*Tomassi v. Insignia Fin. Grp., Inc.*,
    478 F.3d 111 (2d Cir. 2007)..................................................................................4

*Welland v. Citicorp. Inc.*,
    No. 00 Civ. 738, 2003 WL 22973574 (S.D.N.Y. Dec. 17, 2003),
    *aff'd*, 116 F. App'x 321 (2d Cir. 2004)................................................................17

*Young v. Bank of Boston Conn.*,
    No. 93 Civ. 1642, 1995 WL 908616 (D. Conn. Mar. 31, 1995)...........................26

## OTHER AUTHORITIES

Local Civil Rule 56.1(b) ..........................................................................................1

Fed. R. Evid. 408 ...................................................................................................26

## PRELIMINARY STATEMENT

When the record is stripped of Plaintiff's speculation, irrelevancies and conclusory remarks, what remains establishes unequivocally that: (i) Plaintiff was terminated for valid and well-documented reasons; (ii) no triable issue of gender or age bias has been raised; (iii) there is no evidence that Plaintiff was terminated because she complained of discrimination; (iv) she does not oppose dismissal of her claim for additional 2010 compensation; and (v) there is no evidence that the Firm terminated her to deprive her of retirement benefits.  Plaintiff's claims should therefore be dismissed.[1]

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

## CONCLUSION

For all the foregoing reasons, Defendant's motion for summary judgment dismissing

Plaintiff's claims in their entirety should be granted in all respects.

Dated: October 15, 2012

PROSKAUER ROSE LLP

By: _____

Bettina B. Plevan